```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                              |   |                    |
|------------------------------|---|--------------------|
| **WILLIAM READE, JR.,**      | ) |                    |
|     Plaintiff, | ) |                    |
|                              | ) |                    |
| v.                           | ) | Civil Action No.   |
|                              | ) | 18-12200-NMG       |
| **ELIZABETH WARREN, et al.,**| ) |                    |
|     Defendants. | ) |                    |
|                              | ) |                    |

## ORDER

**GORTON, J.**

    For the reasons set forth below, the Court dismisses this action.

    On October 22, 2018, pro se litigant William Reade, Jr. filed a purported "Citizen's Criminal Complaint" against United States Senator Elizabeth Warren, Massachusetts Attorney General Maura Healey, former Massachusetts Attorney General Martha Coakley, Massachusetts Secretary of State William Galvin, the Justices of the Commonwealth's Supreme Judicial Court, "Members of the Massachusetts Senate and House of Representatives," and unnamed elected officials of Newton, Boston, Cambridge, Somerville, and Lawrence "as sanctuary cities." Reade claims therein that the defendants have violated various federal criminal statutes concerning immigration. In a cover letter to the Clerk, which was docketed as part of the complaint, he states that he is filing the criminal complaint "as mandated by 18 U.S.C. § 4."[1] Compl. at 1. In the same letter, he maintains:

---

[1] This statute, entitled "misprision of felony," "has been construed to require 'both knowledge of a crime and some affirmative act of concealment or participation.'" Roberts v.

"No judge can constitutionally dismiss a criminal complaint. Only a grand jury can do this, therefore if any judge does try to dismiss this criminal complaint, such judge violates 18 USC, Accessory after the fact." Id. (as in original).

The Court must dismiss this action. Unlike Massachusetts law, see G.L. c. 218, § 35A, federal law does not provide a mechanism by which a private citizen can petition the court to commence a criminal prosecution, see Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution."). Moreover, a private citizen does not have a right to effect the criminal prosecution and incarceration of another individual: "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). A federal prosecution must be initiated by the federal government.

In accordance with the foregoing, this action is DISMISSED. The motion for leave to proceed in forma pauperis shall be terminated as moot.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated: 1/22/19

---

United States, 445 U.S. 552, 558 n.5 (1980) (quoting Branzburg v. Hayes, 408 U.S. 665, 696 n. 36 (1972)). It does not compel Reade or any other individual to report all alleged federal crimes.